MEMORANDUM OPINION




No. 04-02-00440-CV


Jamil KAHN,

Appellant


v.


Eva Nelia DE LA TORRE,

Appellee


From the 229th Judicial District Court, Duval County, Texas

Trial Cause No. DC-01-244

Honorable Alex W. Gabert, Judge Presiding


Opinion by: Sandee Bryan Marion, Justice


Sitting: Catherine Stone, Justice

 Sarah B. Duncan, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: May 14, 2003


AFFIRMED


 Jamil Kahn appeals a post-answer default judgment granting Eva Nelia De La Torre a
permanent injunction, accounting, collection of rent, and damages. Because Kahn's brief presents
nothing for this court's review, we affirm the trial court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

 Jamil Kahn and Eva Nelia De La Torre entered into a lease agreement for the purpose of
operating a convenience store with gas sales for a term of sixty months beginning on April 1, 2001.
On October 5, 2001, De La Torre filed an original petition for accounting and collection of delinquent
rent and damages, as well as for a temporary injunction to prevent Kahn from entering the leased
premises or operating the business. On October 5th, the trial court signed an order to show cause
why it should not issue the temporary injunction and set a hearing for October 11, 2001, at 3:00 p.m.

 On October 29, 2001, the court signed another show cause order resetting the hearing to
November 8, 2001, at 3:30 p.m. On November 5, 2001, Kahn was served with the petition. The
record contains a letter from Kahn requesting a continuance of the November 8th hearing and
explaining he could not attend the hearing because he is incarcerated in the Harris County Jail. The
letter bears a file-stamp indicating it was filed at 9:00 a.m. on November 8th. Despite Kahn's letter
explaining his inability to attend, the November 8th hearing commenced, and the trial court granted
De La Torre's request for a temporary injunction and possession and control of the merchandise and
equipment found on the leased premises. On November 19, 2001, Kahn filed a general denial of all
claims.

 On March 27, 2002, the trial court rendered a final judgment in favor of De La Torre granting
her a permanent injunction, damages, and attorney's fees. On April 12, 2002, Kahn filed a pro se
motion for summary judgment, (1) in which he asked the trial court to "reopen this suit and set a new
hearing date." The motion was overruled by operation of law, and this appeal by Kahn ensued.DISCUSSION

 In his appellate brief, Kahn recites his version of the dispute between De La Torre and himself,
but he does not address whether the trial court erred in granting De La Torre's default judgment.
Kahn's brief does not state the nature of the case, present any issues for review, or cite to the record
or to any legal authority. See Tex. R. App. P. 38.1. This court has already shown Kahn latitude by
liberally interpreting his motion for summary judgment as a motion for new trial. Also, this court
reinstated this appeal after dismissing it for want of prosecution because Kahn filed a motion for
rehearing contending he did not receive our show cause order and asking that the appeal be reinstated
pursuant to Texas Rule of Appellate Procedure 43.6. However, we must conclude that Kahn's
inadequately briefed allegations on appeal present nothing for our review and rebriefing will not be
helpful. See Fredonia State Bank v. General Am. Life Ins. Co., 881 S.W.2d 279, 285 (Tex. 1994)
(appellate court has discretion to waive points of error due to inadequate briefing). 

 We affirm the trial court's judgment.

 Sandee Bryan Marion, Justice
1. In an order dated August 5, 2002, this court construed Kahn's motion as a motion for new trial.